**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

LEVITICUS JENKINS and          :
CORINTHIA WILSON,              :
                               :
    Plaintiffs,          :
                               :          CIVIL ACTION NO.
v.                             :          1:05-CV-0966-RWS
                               :
NATIONSCREDIT, et al.          :
                               :
    Defendants.          :

<u>ORDER</u>

The following motions are presently pending before the Court: Plaintiff

Corinthia Wilson's ("Wilson") Motion to Enjoin Clayton County Superior

Court Case 2004 CV4724-5 [7]; Plaintiff Wilson's Amended Motion to Enjoin

Clayton County Superior Court Case 04 22308 [8]; Plaintiff Wilson's Motion to

Compel Discovery [11]; Plaintiff Wilson's Motion for Hearing [12]; Plaintiff

Wilson's Motion for Protection Order [13]; Plaintiff Wilson's Motion to Submit

Exhibits as Evidence [14]; Plaintiff Wilson's Motion to Transfer to Federal

Court in Winston-Salem, North Carolina [21]; Plaintiff Wilson's Third

Amendment to Complaint and Relief for Damages [22]; Motion of Defendants

NationsCredit Financial Services Corporation ("NationsCredit") and Bank of

America Corporation ("Bank of America") for Leave to File Amended Answer

[23]; Motion of Defendants NationsCredit and Bank of America for Judgment

on the  Pleadings [36]; and Motion of Defendants Select Portfolio Servicing,

Inc. (misidentified as "(a.k.a.) SPS, Inc.") formerly known as Fairbanks Capital

Corporation (misidentified as "Fairbanks Capital") and Fairbanks Capital

Holding Corporation for Summary Judgment [38].   After reviewing the entire

record, the Court enters the following Order.

## I. PROCEDURAL HISTORY

On March 11, 2005, Wilson filed the present action in the Superior Court

of Clayton County, Georgia.  The Complaint is purported to be filed on behalf

of Wilson and her son, Leviticus Jenkins ("Jenkins") although only Wilson's

signature appears on the initial Complaint.  In fact, Plaintiff Jenkins has signed

no pleadings in the case and has never made a formal appearance as a party to

this proceeding.  Wilson is not an attorney and is not authorized to represent

Jenkins.  Because Jenkins is not properly in the case, this action **DISMISSED**

as to Plaintiff Jenkins.

Defendants timely removed the action to this Court, despite the fact that

process was never perfected on any defendant.  Since the removal, Wilson has

2

filed several purported amended complaints and other motions in this Court, as well as in the superior court from which the case was removed.  The case is presently before the Court for consideration of the motions set out above.

## II. DISCUSSION

### A. Motion to Enjoin State Court Actions [7 & 8]and Motion for Hearing [12]

In Plaintiff Wilson's Motions to Enjoin State Court Actions [7 and 8], the result sought by Plaintiff is unclear.  There is some suggestion that Plaintiff seeks to remove certain state court actions to this Court.  However, there is no evidence that she has filed notices of removal in those cases.  She also appears to seek an injunction of the state court proceedings, but states no basis for such injunctions.  Therefore, the Court concludes that Plaintiff Wilson is not entitled to the relief sought in these Motions and hereby **DENIES** Plaintiff Wilson's Motions to Enjoin Clayton County Superior Court [7 and 8].  Because the Court is able to decide these motions based upon the filings of Plaintiff, Plaintiff's Motion for Hearing in reference to these motions [12] is hereby **DENIED**.

### B. Motion to Compel Discovery [11]

In her Motion to Compel Discovery [11], Plaintiff Wilson moves the Court to compel discovery from Defendants but fails to specify the discovery

3

she seeks.  In the absence of such information, the Court is unable to determine the merits of Plaintiff's Motion.  Therefore, the Motion to Compel Discovery [11] is hereby **DENIED**.

## C. Motion for Protection Order [13]

In her Motion for Protection Order [13], Plaintiff sought protection for the Waikiki Way property before the foreclosure occurred.  Because the foreclosure has now occurred, the Court finds that Plaintiff is not entitled to the relief sought in this Motion.  Plaintiff's Motion for Protection Order [13] is **DENIED**, **as moot**.

## D. Motion to Submit Exhibits as Evidence [14]

In Plaintiff's Motion to Submit Exhibits as Evidence [14], she requests that the Court consider the exhibits attached to her motion in connection with motions pending before the Court.  Plaintiff's Motion to Submit Exhibits as Evidence [14] is **GRANTED**, such that the Court will consider the exhibits for such evidentiary value as they may have.

## E. Request for Leave to File Third Amended Complaint [22]

On July 26, 2005, Wilson filed her Third Amended Complaint without requesting leave of court.  The Court will treat Wilson's filed Third Amended

4

Complaint as a request for leave to file the same.  Pursuant to Federal Rule of

Civil Procedure 15(a), after a responsive pleading has been filed, a party may

amend her pleading only by leave of court or written consent of the adverse

party.  The rule also provides, "leave shall be freely given when justice so

requires."  Even so, granting leave to amend is not automatic.  <u>Faser v. Sears

Roebuck & Co.</u>, 674 F.2d 856, 860 (11th Cir. 1982); <u>Underwriters at Interest on

Cover Note JHB92M10582079 v. Nautronix, Ltd.</u>, 79 F. 3d 480, (5th Cir. 1996)

("[A]pproval of motion to amend is not automatic"); <u>Ashe v. Corley</u>, 992 F. 2d

540, 542 (5th Cir. 1993) ("[L]eave to amend is by no means automatic").

Indeed, district courts have "extensive discretion" in deciding whether to grant

leave to amend and may choose not to allow a party to amend "when the

amendment would prejudice the defendant, follows undue delays or is futile."

<u>Campbell v. Emory Clinic</u>, 166 F.3d 1157, 1162 (11th Cir. 1999).  Under the

circumstances of this case and giving due consideration to the *pro se* status of

Wilson, the Court hereby **GRANTS** Plaintiff's Request for Leave to File Third

Amended Complaint [22].

AO 72A
(Rev.8/82)

## F. Motion for Leave to File Amended Answer [23]

Defendants NationsCredit and Bank of America seek to amend their answer so as to waive their objections to service so that the case can be addressed on its merits.  Defendants Motion for Leave to File Amended Answer [23] is hereby **GRANTED**.

## G. Motion to Transfer [21]

Since the foreclosure on her home, Wilson has moved to North Carolina. She filed a "Motion and Notice of Transfer to Federal Court in Winston-Salem, N.C. 4th Dist." [21].  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. §1404 (a). "[T]he movant has the burden of persuading the trial court that transfer of venue should be granted. . . . [T]he questions the court must address are: (A) whether the action could have been brought in [North Carolina]; (B) whether transferring the action will be for the convenience of the parties and witnesses; and C) whether transfer will be in the interest of justice."  Central Money Mtg. Co., Inc. v. Holman, 122 F. Supp.2d 1345, 1346 (M.D. Fla. 2000).

AO 72A
(Rev.8/82)

Wilson has failed to show that this action could have been brought in the Middle District of North Carolina.  An action in which jurisdiction is based on a federal question may be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. §1391(b).  No defendant is a resident of the Middle District of North Carolina. The property at issue is located in Georgia.  The alleged misrepresentations were made to Georgia courts and were made in Georgia.  There is no connection to the Middle District of North Carolina of any of the events giving rise to the claims in this case.  The case could have properly originated in the Northern District of Georgia.  The case could not have properly been brought in the Middle District of North Carolina.

Even if the case could have originally been brought in North Carolina, Wilson has failed to show that a transfer to North Carolina would be more convenient to the parties and witnesses.  The only party for whom the transfer might be more convenient is Wilson.  All of the other witnesses in the case are in

Georgia where all of the relevant events occurred.  Therefore, transfer to North

Carolina is not appropriate.  Accordingly, Wilson's Motion to Transfer [21] is

hereby **DENIED**.

## H. Motion for Judgment on the Pleadings [36]

In their Motion for Judgment on the Pleadings, Defendants NationsCredit

and Bank of America argue that, based on judicial estoppel, Wilson is barred

from proceeding with this action.  The motion is unopposed as Wilson has filed

no response to it.[1]  Based upon a review of the pleadings, the Court finds that

Defendants Nations Credit and Bank of America are entitled to judgment on the

pleadings.

### 1. Factual Background[2]

On or about August 21, 1992, Wilson obtained a loan from NationsCredit

in the principal amount of $32,399.88.  The loan was secured by a mortgage on

property located at 6317 Waikiki Way, Forest Park, Georgia 30297.  In June

2001, NationsCredit notified Wilson that she was in default and that, in

accordance with the terms of her agreement, the entire indebtedness, plus

---

[1]See LR 7.1 D, N.D. Ga.

[2]The factual background is taken from the pleadings filed in this action, including
any exhibits attached thereto.

interest and fees was immediately due.  In April 2002, NationsCredit assigned

Wilson's loan to Fairbanks Capital Corporation, now known as Select Portfolio

Servicing, Inc. ("SPS").  Wilson failed to make her regularly scheduled

payments on the loan, and SPS foreclosed on or about November 4, 2004.  A

third-party, JHM Properties, purchased the property at foreclosure.  Wilson

alleges that she conveyed the property to her son, Leviticus Jenkins, in August

2004 for $200.00.

In December 2001, Wilson, acting *pro se*, initiated Chapter 13 bankruptcy

proceedings in the United States Bankruptcy Court for the Northern District of

Georgia, Case No. 01-74993-MHM.  In her schedules submitted to the

Bankruptcy Court, Wilson did not list any claims against these Defendants.

Wilson acknowledges that NationsCredit, a secured creditor, timely filed a claim

in the bankruptcy proceedings, providing notice of Wilson's alleged default and

money due.  On or about March 28, 2002, the Bankruptcy Court dismissed

Wilson's case with prejudice, finding that Wilson's prior bankruptcies and her

present failure to produce a feasible plan "represents an unreasonable and

prejudicial delay in protecting the rights and interests of various creditors."

(March 28, 2002 Order.)  The Bankruptcy Court also denied Wilson's Motion

to Reconsider the dismissal.

9

Wilson appealed the Bankruptcy Court's dismissal to the United States District Court for the Northern District of Georgia, Appeal Case No. 1:02-CV-1432-RWS.  This Court dismissed Wilson's appeal for failure to prosecute and judgment was entered by this Court on November 8, 2002.

On November 6, 2004, Wilson filed a Motion to Reopen Civil Case in the United States District Court for the Northern District of Georgia.  Wilson sought to file a complaint against NationsCredit and the other Defendants named in this action for claims arising from her loan and foreclosure proceeding.  She also sought to set aside the foreclosure.  On November 30, 2004, this Court denied Wilson's motion.

2. Discussion

After the pleadings are closed but within such time as not to delay trial, a party may file a motion for judgment on the pleadings.  Fed. R. Civ. P. 12(c); see Conner v. Tate, 130 F. Supp. 2d 1370, 1373 (N.D. Ga. 2001).  Judgment on the pleadings is appropriate only when no issues of material fact exist, and the movant is entitled to judgment as a matter of law.  Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996).  A court considers only the substance of the pleadings and any judicially noticed facts, and the court accepts the facts in the complaint as true and views them in the light most favorable to the nonmoving

10

party.  Hawthorne v. Mac Adjustment, Inc., 140 F.3d 1367, 1370 (11th Cir.

1998).  Exhibits attached to the pleadings may be considered by the court in a

motion for judgment on the pleadings.  Horsley v. Feldt, 304 F3d 1125, 1134

(llth. Cir. 2002).  The complaint may not be dismissed "unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief."  Slagle v. ITT Hartford, 102 F.3d 494, 497

(11th Cir. 1996) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2

L. Ed. 2d 80 (1957)).

    These Defendants assert that Wilson's claims are precluded by the

equitable doctrine of judicial estoppel.  In Burnes v. Pemco Aeroplex, Inc., 291

F.3d 1282, 1285 (11th Cir. 2002), the Eleventh Circuit set forth a two-factored

analysis for evaluating judicial estoppel.  First, inconsistent positions must have

been made under oath; second, the inconsistencies "must be shown to have

been calculated to make a mockery of the judicial system."  Id.  These factors

are not exhaustive, but are meant to give guidance in considering all the

circumstances of a particular case.  Id. at 1286.  As Burnes demonstrates, where

a party fails to list a potential claim on her bankruptcy disclosure forms and later

brings that claim in court, the first factor is met and the issue becomes one of

intent.  See id. (finding first factor met under circumstances).  Intent may be

inferred from the record, particularly where a party knew about her undisclosed claims and had a motive to conceal them from the bankruptcy court. Id. at 1287. See also In re Coastal Plains, Inc., 179 F.3d 197, 208 (5th Cir. 1999) (where debtor knows facts establishing possible cause of action, that cause of action is considered known); Traylor v. Gene Evans Ford LLC, 185 F. Supp. 2d 1338, 1340 (N.D. Ga. 2002) (applying judicial estoppel under pre-Burnes analysis even where plaintiff proceeded pro se in bankruptcy). See Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 363 (3d Cir. 1996) ("There is no evidence that the nondisclosure played any role in the confirmation of the plan or that disclosure of the potential claims would have led to a different result.").

Wilson knew about any claims she had against NationsCredit and Bank of America at the time she filed her Chapter 13 bankruptcy petition in 2001. In her sworn bankruptcy schedules filed with the court, she did not list any claims against these Defendants. Wilson's effort to bring the claims in the present action against these Defendants is barred by her failure to disclose the claims in the bankruptcy proceeding. Therefore, NationsCredit and Bank of America are entitled to judgment on the pleadings.

12

**I. Motion for Summary Judgment**

Select Portfolio Servicing, Inc., formerly known as Fairbanks Capital Corporation, and Fairbanks Capital Holdings Corporation have filed a joint motion for summary judgment. The motion is unopposed as Wilson has filed no response to it.[3] Based on a review of the entire record, the Court finds that these Defendants are entitled to summary judgment in their favor.

2. Factual Background[4]

At the time SPS began servicing Wilson's loan, the loan was in default, the January 2001 payment was due, and the loan was fifteen payments behind. Ultimately, Wilson never made a payment on the loan to SPS and made her last payment on the loan on March 6, 2002.

Wilson also failed to maintain hazard insurance on the property or provide proper proof of said insurance, as required by the Security Deed. Since SPS believed the property was uninsured, SPS forced-placed insurance

---

[3]See LR 7.1 D, N.D. Ga.

[4]The Procedural History and the Factual Background found in Section II, H, 1 of this Order are incorporated herein by reference. Additional facts are taken from the Statement of Undisputed Facts by Defendant SPS, to which Wilson has filed no response.

and paid monthly hazard insurance premiums consecutively from July 2002 through the day of foreclosure on November 2, 2004.

As a result of Wilson's default on the loan, SPS initiated foreclosure proceedings in Spring 2004 and scheduled a foreclosure sale for June 1, 2004. In an attempt to stop the foreclosure, Plaintiff filed a Motion to Reopen her fifth of six bankruptcy cases on the Friday before the scheduled foreclosure sale. Even though the bankruptcy had been dismissed by Judge Murphy more than two years prior to Wilson's Motion, SPS stopped the foreclosure sale in an abundance of caution.

SPS re-initiated foreclosure proceedings in Fall 2004 and then sold the property at foreclosure sale on November 2, 2004 to JHM Properties, LLC in the amount of $66,000.00.  As of the date of foreclosure on November 2, 2004, the unpaid principal balance of the loan was $23,276.36, plus accrued interest, escrow advances of $1,493.00, fees, costs, and all recoverable expenses through the date of sale, for a total of $42,618.10.

2. Discussion

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed.

14

R. Civ. P. 56(c).  The court should view the evidence and any inferences that may be drawn in the light most favorable to the non-movant.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  The burden then shifts to the non-movant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

(a) Class action settlement

A number of Wilson's claims are barred as a result of the settlement in Curry v. Fairbanks Capital Corp., Civil Action No. 03-10895-DPW (the "Curry Action").  The Curry Action was a class action suit brought by consumers related to loan servicing and default-related issues.  On November 14, 2003, the parties in the Curry Action filed a Settlement Agreement and Release, that was ultimately approved by the Court.  The agreement settled all claims related to servicing of loans between January 1, 1999 and December 10, 2003.  As a result of the settlement, Plaintiffs released all claims against SPS that arose during that

period.  The class that was certified in the case included all persons whose loans were serviced by SPS during the settlement period, which includes Wilson. Putative class members were given an opportunity to opt out of the settlement, but Wilson failed to do so.  Therefore, Wilson is barred from asserting any claims that arose through December 10, 2003.

(b) Fraud claim

Wilson asserts a claim for fraud against these Defendants.  "The tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." Crawford v. Williams, 258 Ga. 806, 807, 375 S.E.2d 223, 224 (1989).  In their brief, these Defendants point out that Wilson has failed to allege any reliance on her part on any alleged false representation by them. Without reliance, there can be no fraud.  Therefore, these Defendants are entitled to summary judgment on the fraud claim.

(c) Predatory Lending Act

Wilson alleges a violation of Georgia's Predatory Lending Act 2001. However, these Defendants point out that no such act exists.  These Defendants addressed two other acts to which Wilson may have intended to refer: the Georgia Fair Lending Act ("GAFLA") and the Georgia Residential Mortgage

Act ("GRMA").  Wilson is not entitled to relief under either of these acts.

GAFLA requires that an action be initiated within five years of the date of the

first scheduled payment.  O.C.G.A. §7-6A-7(h).  Wilson's first scheduled

payment was September 24, 1992, and she did not file the complaint in this

action until March 2005.

GRMA governs the licensing of mortgage bankers and mortgage brokers.

The act does not provide an express private cause of action.  Further, Wilson

has not alleged that SPS conducted any of the prohibited practices identified in

the act.  Wilson has no cause of action for violating any identifiable Georgia law

governing predatory lending practices.

### (d) Breach of contract and FDCPA claims

Wilson alleges that certain charges imposed by SPS constitute breach of

contract and violate the Fair Debt Collection Practices Act ("FDCPA").  SPS

offers evidence that it only imposed charges, such as attorney's fees and costs,

that were specifically authorized by the security deed executed by Wilson.

Wilson has offered no evidence to the contrary.  Therefore, these Defendants

are entitled to summary judgment on these claims.

(e) Wrongful foreclosure claims

Wilson asserts wrongful foreclosure based on allegations that NationsCredit improperly applied payments, and SPS failed to correct those errors when it was servicing the loan.  A plaintiff asserting a claim of wrongful foreclosure must establish "a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connect between the breach of that duty and the injury it sustained, and damages."  Heritage Creek Dev. Corp. v. Colonial Bank, 268 Ga. App. 369, 371, 601 S.E.2d 841, 844 (2004).  Wilson has failed to offer evidence of any breach of duty by SPS.  Even if SPS had failed to properly apply payments, Wilson was still in default because of her admitted failure to make payments.  See Brown v. Freedman, 222 Ga. App. 213, 215, 474 S.E.2d 73, 76 (1966)("neither the excess payments nor the method of posting them to the account altered the debtor's obligation under the note to make monthly payments even if the principal was reduced.  "When payments were not made, the note was in default.").

Wilson alleges that the foreclosure was not proper based upon what she argues was an inadequate price obtained for the property at the sale.  "When a power of sale is exercised, all that is required of the foreclosing party is to advertise and sell the property according to the terms of the instrument, and that

18

the sale be conducted in good faith." Id. (internal quotations and citations omitted).  Price alone is not sufficient to show a lack of good faith.  Id.  These Defendants have offered evidence that the price obtained at the sale, $66,000, was reasonable in light of Wilson's own assertion that the value of the property ranged from $54,000 to $70,000.  Wilson offers no other evidence that the sale was not conducted in accordance with the instrument and in good faith.

(e) Federal Trade Commission Act Claims

Wilson alleges violations of the Federal Trade Commission Act (the "FTC Act").  The FTC Act does not provide a private cause of action. Holloway v. Bristol-Meyers Corp., 485 F.2d 986 (D.C. Cir. 1973).  Therefore, Wilson's claims under the FTC Act must fail.

(f) RESPA claims

Wilson alleges violations of the Real Estate Settlement Procedures Act ("RESPA").  Wilson offers no evidence of any factual basis for her allegations. These Defendants have already addressed any claims related to charges for attorney's fees and costs.  To the extent Wilson is alleging improper handlling of escrow funds, these Defendants point out that Wilson had no escrow account.  Furthermore, Wilson made no payments to these Defendants for them

to assign to an escrow account.  Wilson has failed to provide any evidence

supporting a claim under RESPA.

(g) FCRA claims

Wilson makes a general allegation that Defendants violated the Fair Credit

Reporting Act ("FCRA").  There is no evidence that these Defendants furnished

any credit information regarding Wilson to anyone.  Wilson offers no allegation

or evidence of any action by these Defendants that would constitute a violation

of the FCRA.

3. Conclusion

These Defendants are entitled to summary judgment in their favor as to all

claims asserted by Wilson.

**III. Conclusion**

Based on the foregoing,  Plaintiff  Wilson's Motion to Enjoin Clayton

County Superior Court Case 2004 CV4724-5 [7] is **DENIED**; Plaintiff

Wilson's Amended Motion to Enjoin Clayton County Superior Court Case 04

22308 [8] is **DENIED**; Plaintiff Wilson's Motion to Compel Discovery [11] is

**DENIED**; Plaintiff Wilson's Motion for Hearing [12] is **DENIED**; Plaintiff

Wilson's Motion for Protection Order [13] is **DENIED, as moot**; Plaintiff

Wilson's Motion to Submit Exhibits as Evidence [14] is **GRANTED**; Plaintiff Wilson's Motion to Transfer to Federal Court in Winston-Salem, North Carolina [21] IS **DENIED**; Plaintiff Wilson's Third Amendment to Complaint and Relief for Damages [22] is **GRANTED**; Motion of Defendants NationsCredit and Bank of America Corporation for Leave to File Amended Answer [23] is **GRANTED**; Motion of Defendants NationsCredit and Bank of America for Judgment on the Pleadings [36] is **GRANTED**; and Motion of Defendants Select Portfolio Servicing, Inc. (misidentified as "(a.k.a.) SPS, Inc.") formerly known as Fairbanks Capital Corporation (misidentified as "Fairbanks Capital") and Fairbanks Capital Holding Corporation for Summary Judgment [38] is **GRANTED**. It is further **ORDERED** that Plaintiff Jenkins is **DISMISSED** from this action. Because this Order resolves all claims in the case, the Clerk is **DIRECTED** to enter judgment in favor of Defendants and close this case.

      **SO ORDERED**, this __11th__ day of October, 2005.


                /s/ Richard W. Story
                RICHARD W. STORY
                UNITED STATES DISTRICT JUDGE